

**Entered on Docket
January 19, 2011**

_____
**Hon. Linda B. Riegle
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re:  5440 W. SAHARA LLC, a Nevada Limited Liability Company;<br><br>Debtor.<br>_____<br>VILLA BONITA PROPERTIES LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ONECAP REALTY, a Nevada corporation; 5440 W. SAHARA LLC, a Nevada limited liability company; ONECAP HOLDING CORPORATION, a Nevada corporation; VINCE HESSER, an individual; ROE BUSINESS ENTITIES I through X; and DOES XI through XX, inclusive,<br><br>Defendants. | Case No.: BK-S 10-32948-LBR<br>CHAPTER 11<br><br>Adversary Proceeding: 10-01433-LBR<br><br>Hearing Date:  1/4/11<br><br>Hearing Time:  10:30 a.m. |

## ORDER FOR REMAND

On the 4th day of January, 2011 came for hearing the Motion for Preliminary Injunction (the "Motion") filed by Villa Bonita Properties, LLC.  Plaintiff previously moved for a preliminary injunction in state court before this proceeding was removed by the defendants to bankruptcy court based on the Chapter 11 petition filed by Defendant 5440 West Sahara LLC ("Debtor") (Ct. Dkt. #1, filed Dec. 13, 2010).  Plaintiff moved for an order shortening time to conduct the hearing on its motion for preliminary injunction (Ct. Dkt. #s 10-13, filed Dec. 17, 2010).  The Court granted the motion, required any opposition to be filed by December 31, 2010, and scheduled the hearing on

Plaintiff's motion for preliminary injunction at 10:30 a.m., January 4, 2011 (Ct. Dkt. #20, filed Dec. 22, 2010). Plaintiff filed and served a notice of entry of order (Ct. Dkt. #21, filed Dec. 22, 2010), and an amended notice of hearing (Ct. Dkt. #24, filed Dec. 23, 2010). Debtor opposed the motion for preliminary injunction (Ct. Dkt. #s 26-27, filed Dec. 31, 2010).

Plaintiff's motion for preliminary injunction was called as scheduled on the 10:30 a.m. calendar on January 4, 2011, the Honorable Linda B. Riegle presiding. Appearances were made by R. Douglas Kurdziel of Armstrong Teasdale, LLP, for Plaintiff, and Frederick Santacroce and Anthony Santos of Santacroce Law Offices, Ltd., for debtor. The Court, having reviewed Plaintiff's motion for preliminary injunction filed in state court and Plaintiff's motion for order shortening time filed in this court, ordered that the proceeding be immediately remanded to the originating state court, the Eighth Judicial District Court for Clark County, Nevada, on equitable grounds pursuant to the Court's discretion granted under Section 1452(b) of Title 28.

Specifically, the Court finds this is a matter of state law in which the debtor has no stake or interest in the sense that the Debtor is managed by its manager who operates the premises office building located at 5440 West Sahara Avenue, Las Vegas, Nevada. The Court further finds that remand to state court is in the best interests of justice because this is a state law matter, which has been heard by the state court until its recent removal, and that it should be transferred back to the state court for the convenience of the parties and in the interests of justice. Additionally, the Court finds that remand to the state court is warranted because Messrs. Santacroce and Santos have not applied to represent debtor in the case or proceeding contrary to the requirement of 11 U.S.C. § 327(a); because they represent other defendants in this proceeding, creating an inherent conflict contrary to the standards of 11 U.S.C. § 327(a); and because debtor, a Nevada limited liability company, has no counsel and cannot proceed as a pro se litigant under Local Rule 9010.

The Court also finds that debtor has invoked the automatic stay of Section 362 of Title 11 by filing a skeleton petition, and that debtor had not filed the schedules and statements within fourteen days of the petition, contrary to the requirements of Federal Rule of Bankruptcy Procedure 1007(c). The Court further finds that although debtor has moved for additional time to file its schedules and

statements under Federal Rule of Bankruptcy Procedure 1007(a)(5), debtor had not taken any action to schedule the motion for hearing contrary to the requirement for a movant to set a hearing under Local Rule 9014(a)(4). Based on the foregoing, the Court orally issued an order to show cause at the hearing as to why Debtor's bankruptcy case should not be dismissed. The Court further held that it reserved the right to hear any motion for sanctions for improper removal and also indicated to Plaintiff that it could alternatively seek sanctions in state court.

Based on the findings of fact and conclusions of law stated above, the Court holds as follows:

IT IS HEREBY ORDERED that this proceeding is immediately remanded to state court.

IT IS FURTHER ORDERED, in order to effectuate the order remanding this proceeding to state court, that the automatic stay 11 U.S.C. § 362 against Debtor is modified to allow Plaintiff to prosecute its claims against the Debtor to obtain injunctive relief, including Plaintiff's outstanding motion for a preliminary injunction, and a judgment, without collection on the judgment against Debtor absent further order of this Court.

# # #

Prepared and submitted by:

ARMSTRONG TEASDALE LLP

/s/Louis M. Bubala III
Louis M. Bubala III, Esq.
Nevada Bar No. 8974
50 W. Liberty St., Ste. 950
Reno, Nevada 89501
Telephone 775.322.7400
Facsimile 775.322.9049

Counsel for Villa Bonita Properties LLC

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

\_\_\_ The court has waived the requirement set forth in LR 9021(b)(1).

\_\_\_ No party appeared at the hearing or filed an objection to the motion.

x\_\_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

3

1  Counsel appearing:

2  Fred Santacroce and A.M. Santos, of Santacroce Law Offices, Ltd., for Debtor/Defendant

3  Proposed order provided via email on January 7, 2011.

4
5  AGREED/DISAGREED              ____NO RESPONSE RECEIVED_____

6  ____ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

7  ARMSTRONG TEASDALE LLP

8  /s/Louis M. Bubala III
   Louis M. Bubala III, Esq.

9
10 Counsel for Villa Bonita Properties LLC